IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | | |
|---|---|---|
| JAMELL R. JACKSON, | ) | NO. 1:25-cv-00058-SPB-RAL |
| Petitioner | ) | SUSAN PARADISE BAXTER<br>United States District Judge |
| v. | ) | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| SUPERINTENDENT THOMAS, *et al.*, | ) | REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS |
| Respondents | ) | IN RE: ECF NO. 9 |

## I. RECOMMENDATION

Petitioner Jamell R. Jackson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 6) and Respondents' Motion to Dismiss the Petition (ECF No. 9) are before the undersigned for Report and Recommendation under 28 U.S.C. § 636. It is respectfully recommended that the Respondents' motion be granted, the Petition be denied, and no certificate of appealability issue based on the following independent grounds:(1) the petition is untimely under 28 U.S.C. § 2244(d)(1); and (2) the Petition lacks substantive merit. Alternatively, the Petition should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).[1]

[1] Although Petitioner has notified the Court that he is no longer incarcerated (ECF No. 17), his Petition is not subject to dismissal based on mootness. The Court takes judicial notice of the Pennsylvania Department of Corrections "Prisoner Locator Website," which indicates Petitioner was released in February 2025 but remains under supervision. *See* https://inmatelocator.cor.pa.gov. Because Petitioner remains under supervision, he is considered to remain in the custody of the Department of

II. REPORT

A. Relevant Procedural History

Following a jury trial in the Court of Common Pleas of Erie County at Docket No. 599 of 2019, Petitioner was convicted of being a person prohibited from possessing a firearm, possession of an instrument of crime, aggravated assault with a deadly weapon, and related offenses arising from a shooting that occurred on December 3, 2018. On January 20, 2020, the trial court imposed an aggregate sentence of five to ten years of incarceration, to be followed by one year of probation.

Petitioner filed a direct appeal challenging the weight of the evidence, the denial of his request for a mistrial, the legality of his sentence, and the trial court's refusal to instruct the jury on self-defense. The Pennsylvania Superior Court affirmed the judgment of sentence. *Commonwealth v. Jackson*, 251 A.3d 1250 (Pa. Super. Ct. 2021). The Supreme Court of Pennsylvania denied allowance of appeal on November 3, 2021. *Commonwealth v. Jackson*, 266 A.3d 447 (Pa. 2021) (table).

On August 29, 2022, Petitioner filed a pro se petition under the Pennsylvania Post-Conviction Relief Act, 42 Pa. § C.S. 9541 et seq. Appointed counsel filed a supplemental petition asserting that trial counsel was ineffective for failing to move to suppress evidence obtained during the entry and search of Petitioner's residence.

---

Corrections. *See Kumarasamy v. Att'y Gen. of U.S.*, 453 F.3d 169, 172 (3d Cir. 2006) (holding that "an individual who is on parole or released on his or her own recognizance is deemed in custody because of the significant restrictions imposed on his or her freedom"). Although a petitioner's release on parole may render his habeas claims moot where release on parole is the only relief sought, *see, e.g., Razzoli v. FCI Allenwood*, 200 Fed. Appx. 166, 169 (3d Cir. 2006), that is not the case here, as the Petitioner challenges his underlying conviction and sentence and does not merely seek to be released on parole. *See, e.g., Wilson v. Delbalso,* 2021 WL 3777124, at *2 (E.D. Pa. June 29, 2021), *report and recommendation adopted*, 2021 WL 3771871 (E.D. Pa. Aug. 24, 2021).

After a hearing, the PCRA court denied relief, and the Superior Court affirmed. *Commonwealth v. Jackson*, 309 A.3d 1083 (Pa. Super. Ct. 2023). The Supreme Court of Pennsylvania denied allowance of appeal on May 29, 2024.

Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 on or about March 4, 2025. The petition asserts three grounds for relief: (1) a violation of the Confrontation Clause; (2) ineffective assistance of counsel for failing to move to suppress; and (3) ineffective assistance of counsel for failing to investigate potential witnesses. On January 5, 2026, the District Attorney of Erie County, on behalf of Respondents, moved to dismiss the petition. ECF No. 9.

By Order dated January 12, 2026, the Court directed Petitioner to file a response to the motion to dismiss on or before February 11, 2026. ECF No. 10. When no response was received, the Court, by Order dated May 6, 2026, ordered the Petitioner to show cause for his failure and afforded him a further opportunity to respond on or before June 5, 2026. *See* ECF No. 21 (show cause order). The Court's show cause order expressly warned Petitioner that his continued failure to comply could result in dismissal of his Petition for failure to prosecute. *Id.* To date, Petitioner has neither filed a response nor otherwise communicated with the Court, and the time to do so has long since expired.

B. The Motion to Dismiss should be granted.

The petition is subject to dismissal on independent grounds. The petition is untimely, two of its three grounds are procedurally defaulted, and all three grounds are without merit.

1. The Petition is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period on a person in state custody to petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). That period ordinarily runs from the date on which the judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). If a petitioner pursues direct review through the state's highest court but does not seek a writ of certiorari, the judgment becomes final upon the expiration of the ninety-day period for filing a certiorari petition. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Kapral v. United States*, 166 F.3d 565, 575, 577 (3d Cir. 1999).

The Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal on direct review on November 3, 2021. Petitioner did not seek review by the United States Supreme Court. His judgment of sentence therefore became final about ninety days later, on or about February 1, 2022, when the time to seek certiorari expired. The limitations period began to run the next day and ran for roughly 208 days until August 29, 2022, when Petitioner filed his PCRA petition. A properly filed application for state post-conviction relief tolls the limitations period for the time it remains pending. 28 U.S.C. § 2244(d)(2); *Swartz v, Meyers*, 204 F.3d 417, 419-20 (3d Cir. 2000). Those proceedings remained pending until the Supreme Court of Pennsylvania denied allowance of appeal on May 29, 2024. When the limitations period resumed, approximately 157 days remained on the AEDPA limitations period. That period therefore expired on November 4, 2024, the first

business day following the expiration of the remaining 157 days. Petitioner did not file the instant petition until on or about March 4, 2025, roughly four months after the limitations period expired.[2]

AEDPA's limitations period is subject to equitable tolling, but only where a petitioner shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The period may also be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Petitioner, having filed nothing in response to the motion to dismiss, has identified no extraordinary circumstance, no diligence, and no new evidence of innocence, and none is apparent from the record. The petition is therefore time-barred.

2. Grounds One and Three are procedurally defaulted, and a stay is not warranted.

A federal court may not grant habeas relief unless the petitioner has first exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim, a petitioner must fairly present its factual and legal substance to the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Pennsylvania, a petitioner satisfies that requirement by presenting the claim to the Superior Court, on either direct appeal or PCRA review; review by the Supreme Court of

[2] Respondents calculated the filing deadline as August 1, 2024, but they did not credit Petitioner with the ninety-day certiorari period.

Pennsylvania is not required. *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

Only Ground Two, the claim that trial counsel was ineffective for failing to move to suppress, was presented to the Superior Court in the PCRA appeal. Grounds One and Three, the Confrontation Clause claim and the claim of ineffective assistance for failure to investigate witnesses, were never presented to the state courts. The petition is therefore mixed, containing both exhausted and unexhausted claims. A stay permitting Petitioner to return to state court is unavailable here. The unexhausted claims can no longer be presented to the Pennsylvania courts because a further PCRA petition would be untimely under 42 Pa. C.S. § 9545(b)(1) and no exception to that bar is apparent. Claims that can no longer be raised in state court are deemed exhausted but are procedurally defaulted for purposes of federal review. *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Coleman v. Thompson*, 501 U.S. 722, 731-32, 750 (1991). A petitioner may overcome a procedural default only by demonstrating cause for the default and actual prejudice, or that the failure to consider the claim will result in a fundamental miscarriage of justice. *Leyva v. Williams,* 504 F.3d 357, 366 (3d Cir. 2007). Petitioner has made no such showing.

Even setting the default aside, a stay would not be appropriate. A stay is warranted only where the petitioner shows good cause for the failure to exhaust, that the unexhausted claims are potentially meritorious, and that he has not engaged in dilatory tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Heleva v. Brooks*, 581 F.3d 187, 190-92 (3d Cir. 2009). Petitioner has shown neither good cause nor merit,

and a stay could not in any event cure the untimeliness of the petition. Moreover, the Court may deny an unexhausted claim on the merits notwithstanding the failure to exhaust. 28 U.S.C. § 2254(b)(2).

3. The claims are without merit.

A petition for a writ of habeas corpus must specify all grounds for relief available to the petitioner and state the facts supporting each ground. Rule 2(c), Rules Governing Section 2254 Cases. That requirement is more demanding than ordinary notice pleading; conclusory allegations and bald assertions, unsupported by facts or by reference to the record, are insufficient to warrant relief or an evidentiary hearing. *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991). The petitioner bears the burden of establishing that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Measured against these standards, none of Petitioner's three grounds states a basis for relief.

Ground One asserts a violation of the Confrontation Clause. To the extent the claim is directed at the conduct of the preliminary hearing, any defect at that stage was rendered harmless by Petitioner's subsequent conviction at a trial at which the Commonwealth was required to, and did, establish his guilt beyond a reasonable doubt. *Martin v. Keitel*, 205 Fed. Appx. 925, 928 (3d Cir. 2006). The claim is also conclusory and without identification of the testimony or the witness at issue. Ground One does not warrant relief.

Ground Two asserts that trial counsel was ineffective for failing to move to suppress. To prevail on a claim of ineffective assistance, a petitioner must show both that counsel's performance was deficient and that the deficiency prejudiced the defense, meaning that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). This claim was adjudicated on the merits in the state courts, which found, after a hearing, that trial counsel was not ineffective. Relief is therefore unavailable unless that adjudication was contrary to, or an unreasonable application of, clearly established federal law, or rested on an unreasonable determination of the facts. 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). Petitioner identifies no basis on which the state courts' rejection of this claim was unreasonable, and his assertion that suppression of the seized evidence would have undermined the Commonwealth's case is speculative and conclusory. Ground Two does not warrant relief.

Ground Three asserts that counsel was ineffective for failing to investigate potential witnesses. Petitioner does not identify any such witness, describe the substance of any testimony an investigation would have uncovered, or explain how that testimony would have altered the outcome of the trial. A claim resting on speculation about unnamed witnesses and unspecified testimony cannot satisfy either prong of *Strickland* and does not entitle Petitioner to relief or to an evidentiary hearing. *Zettlemoyer*, 923 F.2d at 298. Ground Three does not warrant relief.

Because it appears from the face of the petition and the state-court record that Petitioner is not entitled to relief, summary dismissal is appropriate. *See* Rule 4, Rules Governing Section 2254 Cases.

4. A Certificate of Appealability should be denied.

A certificate of appealability may issue only upon a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, a petition is rejected on procedural grounds, a certificate may issue only if jurists of reason would find it debatable both whether the petition states a valid claim of the denial of a constitutional right and whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons stated above, reasonable jurists would not debate the conclusion that the petition is untimely, procedurally barred, and without merit. A certificate of appealability should be denied.

C. Alternatively, the Petition should be dismissed based on Petitioner's failure to prosecute.

A district court may dismiss an action when a party fails to prosecute it or to comply with the court's orders. Fed. R. Civ. P. 41(b) That authority is grounded in the court's inherent power to manage its own docket and to prevent undue delay. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Before dismissing an action on this basis, a court in this Circuit must weigh the six factors identified in the Court of Appeals' decision in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1994): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) any history of dilatoriness; (4) whether the party's conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the

meritoriousness of the claim or defense.[3] *Poulis*, 747 F.2d at 868. No single factor is dispositive, and not all the factors need favor dismissal for dismissal to be warranted. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Consideration of the factors here demonstrates that dismissal is appropriate.

The first factor, personal responsibility, weighs in favor of dismissal. Petitioner proceeds pro se and is therefore solely responsible for the prosecution of his case. His failure to respond to Respondent's motion to dismiss and two Orders of this Court directing such a response, cannot be attributed to counsel. A pro se litigant bears personal responsibility for his own conduct in the litigation. *Emerson v. Thiel College*, 296 F.3d 184, 190-91 (3d Cir. 2002).

The second factor, prejudice to Respondents, also weighs in favor of dismissal. Prejudice under *Poulis* is not confined to irremediable harm; it includes the burden a party imposes by failing to advance the litigation and to comply with court orders. *El v. Black,* 2026 WL 1983001, at *3 (W.D. Pa. July 9, 2026) (citing *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994)). Petitioner's inaction here has stalled this proceeding and has deprived Respondents and the Court of the orderly adjudication to which they are entitled.

---

[3] Application of the *Poulis* factors is appropriate in habeas cases as well as civil rights actions. *See Rupert v. Progar*, 2025 WL 2371443, at *1 (W.D. Pa. July 24, 2025), *report and recommendation adopted*, 2025 WL 2371162 (W.D. Pa. Aug. 14, 2025) (citing *Harlacher v. Pennsylvania*, 2010 WL 1462494, at *3 (M.D. Pa. Mar. 12, 2010), *report and recommendation adopted*, 2010 WL 1445552 (M.D Pa. Apr. 9, 2010) (applying *Poulis* to a habeas case)).

The third factor, a history of dilatoriness, weighs in favor of dismissal. Petitioner has failed to comply with two Orders of this Court and has filed nothing in this matter since the petition itself. Repeated noncompliance and sustained inaction of this kind establish a history of dilatoriness. *Adams*, 29 F.3d at 874.

The fourth factor, willfulness or bad faith, weighs in favor of dismissal. Petitioner's repeated failure to comply with the Court's Orders, unaccompanied by any explanation or request for additional time, supports an inference that his conduct is willful rather than the product of mere inadvertence or excusable neglect. *Hildebrand v. Allegheny County*, 923 F.3d 128, 135 (3d Cir. 2019).

The fifth factor, the effectiveness of alternative sanctions, weighs in favor of dismissal. Where a litigant proceeds pro se and *in forma pauperis*, monetary sanctions are ordinarily ineffective, and the Court has already employed the lesser measure of directing compliance and warning of the consequences of default, without result. *Briscoe*, 538 F.3d at 262-63. No sanction short of dismissal appears likely to move this matter forward.

The sixth factor, the meritoriousness of the claims, likewise weighs in favor of dismissal. A claim is treated as meritorious for this purpose when the allegations, if established, would support relief. *Poulis*, 747 F.2d at 869-70. As concluded above, the petition is untimely, two of its three grounds are procedurally defaulted, and all three grounds are conclusory and without merit.

Every *Poulis* factor supports dismissal. Although dismissal is a sanction of last resort, it is warranted where, as here, a party has abandoned the prosecution of his

case despite repeated opportunities to advance it and explicit warnings of the consequences of failing to do so. Because the one-year limitations period under 28 U.S.C. § 2244(d)(1) has expired, dismissal without prejudice based on failure to prosecute will have the practical effect of a dismissal with prejudice.

D. Conclusion

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss (ECF No. 9) be granted, that the petition be dismissed as untimely and as procedurally barred, and that the petition be denied on the merits. It is further recommended that a certificate of appealability be denied. Alternatively, it is recommended that the petition be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) and *Poulis.*

## III. NOTICE CONCERNING OBJECTIONS

In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), and Local Civil Rule 72.D.2, the parties may file written objections to this Report and Recommendation within fourteen days of the date of service. Any party opposing objections may respond within fourteen days thereafter. Objections must specifically identify the portions of the Report and Recommendation to which they are directed and the basis for each objection. The failure to file timely objections may waive the right to appellate review. *See EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017); *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Respectfully submitted this 17th day of August, 2026.

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE